[No. E030620. Fourth Dist., Div. Two. Jan. 23, 2003.]

EDWARD J. FITTANTE, Plaintiff and Appellant, v.
PALM SPRINGS MOTORS, INC., Defendant and Respondent.

COUNSEL

Stanley M. Becker for Plaintiff and Appellant.

Law Offices of Joseph A. Gibbs, Mark W. Edelstein and Renell E. Burch for Defendant and Respondent.

OPINION

WARD, J.—Plaintiff and appellant Edward J. Fittante (plaintiff) appeals a final judgment dismissing his wrongful termination action against his employer, defendant and respondent Palm Springs Motors, Inc. (the employer). The trial court had instead sent the matter to arbitration. In the context of granting the employer's motion to compel arbitration of plaintiff's employment dispute, the court also denied plaintiff's motion to require the employer to pay the arbitrator's fees.

Plaintiff asserts that the arbitration agreement, required as a condition of employment, was invalid as an unconscionable adhesion contract, under

*Armendariz v. Foundation Health Psychcare Services, Inc.*,[1] *Mercuro v. Superior Court*,[2] and *Stirlen v. Supercuts, Inc.*[3] We discern differences between the arbitration agreement at issue here and those involved in the cited cases that ameliorate the perceived oppressive conditions and effects that rendered those agreements unconscionable. Accordingly, we conclude, except for one severable portion, that the arbitration agreement is valid and enforceable. We do agree with plaintiff, however, that vindication of his unwaivable statutory rights claim under Labor Code section 970 mandates that the employer bear the cost of the arbitrator's fees. We shall therefore reverse the order compelling arbitration with directions for modification, to make clear both that the employer must bear the costs of arbitration, and that the purported appeal clause is invalid.

## FACTS AND PROCEDURAL HISTORY

As of March 1, 1996, plaintiff was employed as a mechanic or service technician at an automobile dealership in Beverly Hills, California. On March 1, 1996, plaintiff applied for a similar position with the employer, an automobile dealer in Palm Springs.

The job application consisted of several pages. Plaintiff signed the last page of the application, entitled "Applicant's Statement and Agreement" (applicant's statement). The applicant's statement included a provision for arbitration of disputes between the employee and the company. It is that arbitration provision which is at issue here.

The employer's service director showed plaintiff data indicating that work of the specialized kind that plaintiff performed was plentiful, and that he therefore could expect an income at least equal to that he was earning in Beverly Hills.

Plaintiff quit his Beverly Hills job and moved his family to the desert on the strength of the employer's representations. After he started working in Palm Springs, plaintiff discovered the representations were false. Plaintiff stayed on the job, even at a reduced income, because he "had very little choice financially."

Plaintiff worked for the employer from March of 1996 through February 19, 1998. The employer terminated plaintiff on the latter date, allegedly because plaintiff had defrauded a vehicle repair customer.

---

[1] *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 [99 Cal.Rptr.2d 745, 6 P.3d 669].

[2] *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167 [116 Cal.Rptr.2d 671].

[3] *Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519 [60 Cal.Rptr.2d 138].

Plaintiff filed suit against the employer, alleging causes of action for fraud in the inducement, defamation, and wrongful termination in violation of public policy under Labor Code section 970 (fraudulently inducing an employee to move to take employment).

The employer responded to the action by filing a petition to compel arbitration. The court granted this petition and stayed plaintiff's action pending resolution by binding arbitration. Plaintiff then sought a clarifying order that the employer should be required to bear the entire cost of the arbitrator's fees. Plaintiff argued that the arbitration agreement was silent on the matter, and that his action included a statutory rights claim. The California Supreme Court in *Armendariz* had held that, where the employer exacts an agreement to binding arbitration as a condition of employment, the employee may not be required to pay unreasonable costs and arbitration fees when vindicating statutory rights.[4] The trial court denied the motion to require the employer to pay the arbitrator's fees and dismissed plaintiff's action with prejudice.

Plaintiff now appeals.

## ANALYSIS

### I. *Standard of Review*

■ We are here concerned with an arbitration agreement in an employment context. The arbitration agreement is subject to the same rules of construction as any other contract, including the applicability of any contract defenses.

A motion to compel arbitration is, in essence, a request for specific performance of a contractual agreement. The trial court is therefore called upon to determine whether there is a duty to arbitrate the matter; necessarily, the court must examine and construe the agreement, at least to a limited extent.[5] Determining the validity of the arbitration agreement, as with any other contract, " 'is solely a judicial function unless it turns upon the credibility of extrinsic evidence; accordingly, an appellate court is not bound by a trial court's construction of a contract based solely upon the terms of the instrument without the aid of evidence.' [Citation.]"[6] Here, no extrinsic evidence was presented concerning the validity of the agreement itself. Thus, we review any validity determination de novo.

---

[4]*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 107-113.
[5]*Stirlen v. Supercuts, Inc., supra,* 51 Cal.App.4th 1519, 1527.
[6]*Stirlen v. Supercuts, Inc., supra,* 51 Cal.App.4th 1519, 1527.

As part and parcel of our review, we are concerned not only with validity in the sense of proper contract formalities, but also with defenses to the enforceability of a facially valid agreement. Put another way, an arbitration agreement is subject to the same defenses applicable to all contract disputes, including fraud, duress, or unconscionability.[7] Whether an arbitration agreement is unconscionable is also a matter of law for the court,[8] and therefore is also subject to de novo review.

## II.  *Plaintiff's Contentions*

Plaintiff attacks the validity of the arbitration agreement on several grounds. First, he appears to argue that the arbitration clause is too vague to be valid or enforceable. Second, he argues that the agreement constitutes an unconscionable adhesion contract. We conclude, (1) that the arbitration agreement is not unlawfully vague. We also determine (2) that the arbitration agreement is an adhesion contract. That determination begins, however, and does not end, our inquiry. On the question of the validity of the arbitration agreement, as a contract of adhesion, we further hold that, (a) except as to the "appeal" provisions, plaintiff has failed to show the agreement is unconscionable; (b) the "appeal" provision is severable from the remainder of the arbitration agreement; and (c) the remainder of the arbitration agreement is properly enforceable.

Another, preliminary, issue is implicit throughout plaintiff's argument, but not separately articulated as such. Plaintiff has alleged a cause of action asserting an unwaivable statutory right. The California Supreme Court in *Armendariz* held that, where such statutory claims are subject to a mandatory employment arbitration agreement, the arbitration procedure must allow the employee to vindicate the statutorily protected right in the arbitral forum. Thus, certain minimum procedural requirements must be met. The arbitration agreement is lawful if it: " '(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.' "[9]

---

[7] See *Smith v. PacifiCare Behavioral Health of Cal., Inc.* (2001) 93 Cal.App.4th 139, 151 [113 Cal.Rptr.2d 140].

[8] *American Software, Inc. v. Ali* (1996) 46 Cal.App.4th 1386, 1391 [54 Cal.Rptr.2d 477] ("Unconscionability is ultimately a question of law for the court").

[9] *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 102, citing *Cole v. Burns Intern. Security Services* (D.C. Cir. 1997) 105 F.3d 1465, 1482.

The employer responds that *Armendariz* applies solely to claims under the Fair Employment and Housing Act (FEHA). Because plaintiff has not raised a claim under FEHA, the *Armendariz* factors do not apply.

We turn first to the question of the *"Armendariz* factors" and their applicability to plaintiff's statutory rights claim.

III.  *The Arbitration Agreement Satisfies the Armendariz Requirements*

A.  *Plaintiff Has Asserted a Statutory Right Subject to Armendariz Analysis*

██  One of plaintiff's claims is that he was fraudulently induced to move to take employment, in violation of Labor Code section 970.

Although some statutory rights may be waived, other statutory rights are deemed unwaivable. As the California Supreme Court pointed out in *Armendariz*, "arbitration agreements that encompass *unwaivable* statutory rights must be subject to particular scrutiny."[10] Agreements which have as their object "directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."[11] Thus, while "[a]ny one may waive the advantage of a law intended solely for his [or her] benefit[, . . .] a law established for a public reason cannot be contravened by a private agreement."[12]

The court found, naturally, that "the statutory rights established by the FEHA are 'for a public reason.'"[13] The FEHA expressly declares as public policy the protection of the rights of all citizens to seek and maintain employment and housing without invidious discrimination.

Similarly, we conclude that Labor Code section 970 was enacted "for a public reason," and to vindicate a public policy. Its original purpose was "to protect migrant workers from the abuses heaped upon them by unscrupulous employers and potential employers, especially involving false promises

---

[10]*Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th 83, 100.
[11]Civil Code section 1668.
[12]Civil Code section 3513.
[13]*Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th 83, 100.

made to induce migrant workers to move in the first instance."[14] The language of the statute is by no means restricted to agricultural laborers, however, and thus has been properly applied to other kinds of employment.[15] Rules against fraud and abuse by unscrupulous employers inure to the benefit of the public generally, not merely to a particular employer or employee. The court in *Mercuro v. Superior Court*[16] recognized that an employee's statutory rights under both the FEHA and Labor Code section 970 are unwaivable. It would be contrary to public policy for an employer to exempt itself from compliance with Labor Code section 970 by the expedient of requiring waiver as a condition of employment. Consequently, an employee's statutory rights under Labor Code section 970 are subject to *Armendariz* analysis. That is, any mandatory arbitration of employee grievances must be capable of vindicating the statutory right protected by Labor Code section 970.

### B.    *The Arbitration Agreement Satisfies the Armendariz Criteria*

An arbitration procedure passes muster under *Armendariz* if it " '(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum. . . .' "[17]

### i.    *The Arbitration Agreement Provides for Neutral Arbitrators*

The arbitration clause here satisfies the first criterion. It incorporates the arbitration rules of the Federal Arbitration Act, and the procedures of the California Arbitration Act, each of which require neutral arbitrators. In addition, the agreement provides that any arbitrator selected shall be a retired California superior court judge. Retired superior court judges are trained and well versed in the precepts and practices of neutral decision-making.

### ii.    *The Agreement Provides for Appropriate Discovery*

The arbitration agreement provides for "more than minimal" discovery. It states that the arbitration shall be conducted "in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. Sec. 1280 et

---

[14]*Tyco Industries, Inc. v. Superior Court* (1985) 164 Cal.App.3d 148, 155 [211 Cal.Rptr. 540], italics omitted, disapproved on another point in *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1093, 1095 [4 Cal.Rptr.2d 874, 824 P.2d 680].

[15]*Seubert v. McKesson Corp.* (1990) 223 Cal.App.3d 1514, 1522 [273 Cal.Rptr. 296].

[16]*Mercuro v. Superior Court, supra*, 96 Cal.App.4th 167, 179.

[17]*Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th 83, 102.

seq., *including section 1283.05 and all other rights to discovery*) . . . ."
(Italics added.) Code of Civil Procedure section 1283.05 provides for depositions and production of evidence, including producing documents, such as files, books and records, and producing persons to testify. It further provides for penalties and sanctions to enforce discovery obligations.

### iii.   *The Agreement Implicitly, or by Incorporation, Provides for a Written Award*

The arbitration agreement does not expressly provide for a written arbitration award, but the California Arbitration Act, in Code of Civil Procedure section 1283.4, does so provide.

### iv.   *Remedies Are Not Restricted*

Neither the arbitration agreement nor the Federal Arbitration Act or the California Arbitration Act makes explicit provision for the types of remedies afforded; by the same token, no provision explicitly restricts the remedies provided. Implicitly, therefore, the arbitration agreement here complies with the requirement under *Armendariz* that all types of relief otherwise available in court be afforded to vindicate plaintiff's statutory rights.

### v.   *The Agreement May Be Construed So That the Employee Is Not Required to Bear Unreasonable Costs or Arbitrators' Fees or Expenses*

The sticking point, for purposes of our analysis here, is the final requirement, that the employee not be required to bear unreasonable costs or to pay arbitrators' fees as a condition of access to the arbitral forum.

At the time the court granted the employer's petition to compel arbitration, plaintiff sought an order that the employer be required to bear the costs of arbitration. The employer opposed the request on the ground that the *Armendariz* factors applied only to statutory claims under the FEHA, and that plaintiff here had raised no such claim. The court apparently agreed with the employer's interpretation of *Armendariz*, because it denied plaintiff's request that the employer be required to pay the arbitrator's fees.

We conclude that the trial court erred.

The employer's argument against the requested order was essentially the same argument with which we began our analysis: that *Armendariz* applies solely to statutory claims under the FEHA, and that, because plaintiff has raised no FEHA claim, *Armendariz* does not apply. We have already rejected

that argument. By its own terms, *Armendariz* applies to any mandatory employment arbitration agreement which purports to subject unwaivable statutory rights claims to arbitration.

An unwaivable statutory right is one enacted for a public purpose, and may be recognized by the test question, would it contravene public policy to allow the parties to exact a waiver of its protection? Labor Code section 970 was manifestly enacted for a public purpose, to prevent unscrupulous treatment of employees who are induced to move on the promise of employment. It would also contravene public policy—i.e., it would entirely vitiate the public purpose of its enactment—if employers were allowed to exact an exemption from its provisions as a condition of employment. Employers should not be permitted to circumvent the statutory policy and insulate themselves from liability for the precise fraudulent, oppressive or unscrupulous conduct against which the statute is designed to protect. Plaintiff's claim under Labor Code section 970 meets this test.

The arbitration agreement itself is silent on the payment of arbitration fees. Instead, it incorporates the procedures of the California Arbitration Act. The California Arbitration Act, in Code of Civil Procedure section 1284.2, provides that, unless agreed otherwise, "each party to the arbitration shall pay his [or her] pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, . . ."

It has been held, however, that Code of Civil Procedure section 1284.2 is a default provision, which must yield to other statutory imperatives. For example, in *Armendariz* itself, the California Supreme Court pointed out that requiring an employee to bear significant costs, which would not be required if the same claim were brought in court, would operate to discourage and burden the exercise of statutory FEHA rights. An employee pursuing FEHA claims in court would not be required to incur the direct cost of paying for the judge to hear the case or to rent a courtroom. Even the prospect of having to incur such costs would unduly discourage the exercise of the statutory right.[18] Accordingly, "when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the

---

[18]See *California Teachers Assn. v. State of California* (1999) 20 Cal.4th 327, 356-357 [84 Cal.Rptr.2d 425, 975 P.2d 622] (it is not only the costs imposed on the claimant but the *risk* that the claimant may have to bear substantial costs that deters the exercise of the constitutional right of due process).

employee would not be required to bear if he or she were free to bring the action in court."[19]

*Armendariz* characterized its principle, that an employer "cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court," as a "rule" that would "ensure that employees bringing [unwaivable statutory] claims will not be deterred by costs greater than the usual costs incurred during litigation, costs that are essentially imposed on an employee by the employer."[20] Thus, in cases where an employer requires an employee to arbitrate his or her claims, including statutory claims, the agreement must be interpreted (in the absence of any express terms to the contrary) to require the employer to pay any unusual costs associated with arbitration, such as the arbitrator's fees.

Naturally, as *Armendariz* held, such costs as filing fees and other similar and usual administrative costs, are common to both court and administrative proceedings, and are therefore " 'not problematic.' "[21] But costs uniquely associated with arbitration, such as payment of the arbitrator's fees and room rental—equivalent to paying a judge's salary and courtroom costs—are not imposed directly on litigants in state or federal courts. Such unique costs must be borne by the employer, if the arbitration agreement may be so interpreted.

Here, to reiterate, the arbitration agreement is silent on the payment of fees, and merely incorporates the California Arbitration Act provisions. The relevant California Arbitration Act provision, Code of Civil Procedure section 1284.2, is a "default" provision which must yield to a more specific legislative intent. In the case of unwaivable statutory rights, the Legislature has deemed the policy underlying the relevant statute important enough to prohibit evasion by exculpatory waivers. In such cases, the "default" provision for pro rata sharing of arbitration expenses cannot apply.

Nothing in the present arbitration agreement prevents an interpretation consistent with the mandates of *Armendariz*. There are no express provisions which provide for the payment of fees and costs. The agreement is capable of construction consistent with the dictates of *Armendariz*. It thus satisfies, and does not contravene, the fifth *Armendariz* factor.

---

[19]*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 110-111.

[20]*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 110-111, italics omitted.

[21]*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 108, quoting *Cole v. Burns Intern. Security Services, supra,* 105 F.3d 1465, 1484.

Because the arbitration agreement complies with the requirements of *Armendariz*, it may properly be enforced, even though it was required as a condition of employment.

## IV.   *The Arbitration Agreement Is Not Unlawfully Vague*

Plaintiff urges that several terms of the arbitration agreement are vague, and that the agreement as a whole is therefore unenforceable. For example, plaintiff posits that the arbitration agreement's exemption for "exclusively monetary claims of less than $5,000" is vague because the term "exclusively monetary claims" is not defined, and no provisions explain whether claims of the same class may, or must, be aggregated. He also suggests that the agreement's provision for arbitration of "any dispute or controversy" requiring or allowing "resort to any court or other governmental dispute resolution forum" could be interpreted to require, e.g., workers' compensation claims or unemployment insurance claims, to be arbitrated.

Plaintiff further complains of the scope of the agreement, as purporting to cover disputes not only between the employee and the company, but including the employer's "owners, directors, and officers, and parties affiliated with its employee benefit and health plans," which "aris[e] from, relate[] to, or hav[e] any relationship or connection whatsoever with" the employee's "seeking employment with, employment by, or any other association with," the employer. Plaintiff argues that the agreement is so broad as to "define[] away [his] right of access to the [c]ourts even as to matters outside of his employment, and as against persons or entities who are unknown to [him] for whose actions [the employer] is not liable as well as matters well outside the scope of [plaintiff's] employment."

Plaintiff also attacks the arbitration agreement's provision that proceedings in arbitration must be governed by "controlling law," excepting, however, any "notions of 'just cause,'" as unduly restrictive of the proper "controlling law" governing certain claims.

We find it unnecessary to dwell on plaintiff's claims of vagueness or overbreadth, inasmuch as they present only phantasms in the present context. Plaintiff's claims here all arise unquestionably out of his employment or application for employment with the employer. "'Just cause' is a term of art as employed in Collective Bargaining Agreements. Attendant upon that term are established concepts of industrial fairness and due process of both a

substantive and procedural nature."[22] Plaintiff's claims do not involve a collective bargaining agreement. The arbitrator, who must be a retired superior court judge, is charged with the duty to apply the applicable rules of law, and the employee retains all of his or her legal and equitable remedies. Under these conditions, the preclusion of consideration of "just cause" provisions of collective bargaining agreements does not affect the powers of the arbitrator to afford complete relief under "controlling law." The arbitration agreement presents no issues of vagueness respecting the claims or theories plaintiff has alleged.

## V. *The Arbitration Agreement Is Generally Enforceable*

Plaintiff contends that, even if the arbitration agreement satisfies the *Armendariz* requirements, it is nevertheless an unconscionable adhesion contract, and therefore unenforceable. We agree with plaintiff that the contract is adhesive, but, with one specific term, hold that it is not unconscionable. With respect to the single invalid term, the so-called appeal provision, we conclude that it is severable from the remainder of the agreement.

## A. *The Arbitration Agreement Is an Adhesion Contract*

A contract of adhesion, generally speaking, is " 'a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' [Citation.]"[23]

The arbitration agreement, contained within a standardized employment application, was presented to plaintiff on a "take it or leave it" basis. The employer "unquestionably had superior bargaining strength";[24] it proffered "preprinted documents, cast in generic language,"[25] and there was no opportunity to negotiate. Had plaintiff refused to sign the form, his application undoubtedly would not have been considered. The employment application, including the arbitration agreement, meets the definition of an adhesion contract.

[22]Hill and Westhoff, *No Song Unsung, No Wine Untasted—Employee Addictions, Dependencies, and Post-discharge Rehabilitation: Another Look at the Victim Defense in Labor Arbitration* (1999) 47 Drake L.Rev. 399, 413.

[23]*Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 817 [171 Cal.Rptr. 604, 623 P.2d 165]; accord, *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 113.

[24]*Flores v. Transamerica HomeFirst, Inc.* (2001) 93 Cal.App.4th 846, 853 [113 Cal.Rptr.2d 376].

[25]*Flores v. Transamerica HomeFirst, Inc., supra,* 93 Cal.App.4th 846, 853.

### B. *Except for the "Appeal" Provisions, the Arbitration Agreement Was Not Unconscionable*

Describing a contract as one of adhesion does not, however, affect its enforceability. Rather, an adhesion contract remains fully enforceable unless (1) the provision falls outside the reasonable expectations of the weaker party, or (2) the provision is unduly oppressive or unconscionable.[26] Plaintiff asserts both that the arbitration agreement was outside the reasonable expectations of a lay employee applicant, and that its terms are unconscionable.

#### 1. *We Do Not Consider Plaintiff's Argument That the Arbitration Is Outside the Expectations of the Weaker Party*

Plaintiff argues that the arbitration agreement is outside the reasonable expectations of an applicant for employment; he iterates essentially the same vagueness and overbreadth argument he raised earlier. Plaintiff's claims here are plainly within matters which may reasonably be expected to be covered by a proper employment arbitration agreement. That some hypothetical claims might be beyond the reasonable expectations of the adhering party is no reason to reject its application to a matter which is clearly within the reasonable expectations of the parties.

#### 2. *The Arbitration Agreement Is Not, in General, Unconscionable*

"In determining whether an arbitration clause is unconscionable, courts generally apply a two-prong test. [Citations.] They determine whether the clause is procedurally unconscionable and whether it is substantively unconscionable."[27]

"[U]nconscionability has both a 'procedural' and a 'substantive' element. [Citations.] [¶] The procedural element focuses on two factors: 'oppression' and 'surprise.' [Citations.] 'Oppression' arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice.' [Citations.] 'Surprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted

---

[26]*Graham v. Scissor-Tail, Inc., supra*, 28 Cal.3d 807, 819-820.

[27]*Villa Milano Homeowners Assn. v. Il Davorge* (2000) 84 Cal.App.4th 819, 828 [102 Cal.Rptr.2d 1], citing *Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th 83, 114 and *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1212-1213 [78 Cal.Rptr.2d 533].

by the party seeking to enforce the disputed terms. [Citations.]"[28] The substantive prong of unconscionability encompasses " 'overly harsh' or 'one-sided' results."[29] Stated another way, "[t]he substantive component of unconscionability looks to whether the contract allocates the risks of the bargain in an objectively unreasonable or unexpected manner."[30] Both procedural and substantive unconscionability must be present to deny enforcement to the contract, but there may be an inverse relation between the two components, "such that the greater the unfair surprise or inequality of bargaining power, the less unreasonable the risk reallocation which will be tolerated."[31]

▉ The procedural component of unconscionability was present here. "Oppression" results from inequality of bargaining position and the lack of negotiation or meaningful choice. Plaintiff clearly had no opportunity to negotiate the arbitration agreement; he was presented with the employment application, containing the agreement, on a "take it or leave it" basis. Such employment applications and arbitration agreements are common, not only in plaintiff's industry, but in many others as well. The employer was clearly in the superior bargaining position. Plaintiff had no meaningful choice; he could accept the agreement or forgo employment. "Surprise" was also present; all the terms of the arbitration agreement were "hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms."[32] The employer may not itself have drafted the printed form, but the form was obviously drafted and offered in a preprinted guise for the use of employers. The arbitration clause, though hidden "in plain sight," is nonetheless hidden for purposes of this analysis. It is only one of several provisions in a dense, single-spaced page at the end of the five-page employment application. While it appears to be in bold type, so are several other provisions; the typeface is quite small, and not otherwise distinguished from any of the other provisions of the employment application. There are no headings or other obvious indications that an applicant is giving up significant legal rights.

On the other hand, substantive unconscionability has not been shown, except with respect to the so-called appeal provision. Unlike other mandatory employment arbitration agreements, most of the provisions of the instant agreement are bilateral in form.

[28] *A & M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473, 486 [186 Cal.Rptr. 114].
[29] *A & M Produce Co. v. FMC Corp., supra*, 135 Cal.App.3d 473, 487.
[30] *Patterson v. ITT Consumer Financial Corp.* (1993) 14 Cal.App.4th 1659, 1664 [18 Cal.Rptr.2d 563].
[31] *A & M Produce Co. v. FMC Corp., supra*, 135 Cal.App.3d 473, 487.
[32] *A & M Produce Co. v. FMC Corp., supra*, 135 Cal.App.3d 473, 486.

The arbitration agreement found unconscionable in *Stirlen v. Supercuts, Inc.,* required employees to arbitrate their claims against the employer, but allowed the employer to opt out of arbitration for its own claims. The arbitration clause restricted discovery, judicial review, and damages as to employee claims, without so restricting the company's claims against employees. "The *Stirlen* court did not hold that all lack of mutuality in a contract of adhesion was invalid. 'We agree a contract can provide a "margin of safety" that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable. [Citation.] However, unless the "business realities" that create the special need for such an advantage are explained in the contract itself, which is not the case here, it must be factually established.' "[33]

Similarly, in *Kinney v. United Healthcare Services, Inc.,*[34] the court concluded an arbitration agreement compelling the employee, but not the employer, to submit to arbitration, was unconscionable. "Faced with the issue of whether a unilateral obligation to arbitrate is unconscionable, we conclude that it is. The party who is required to submit his or her claims to arbitration foregoes the right, otherwise guaranteed by the federal and state Constitutions, to have those claims tried before a jury. [Citations.] Further, except in extraordinary circumstances, that party has no avenue of review for an adverse decision, even if that decision is based on an error of fact or law that appears on the face of the ruling and results in substantial injustice to that party. [Citation.] By contrast, the party requiring the other to waive these rights retains all of the benefits and protections the right to a judicial forum provides. Given the basic and substantial nature of the rights at issue, we find that the unilateral obligation to arbitrate is itself so one-sided as to be substantively unconscionable."[35]

The arbitration agreement in *Mercuro* also required arbitration of all or most claims of interest to employees, but the company reserved to itself the right to litigate claims against the employees in the courts.[36] Not surprisingly, the court held such a one-sided agreement unconscionable.

The California Supreme Court in *Armendariz* concluded that mandatory arbitration agreements in employment contracts must have some "modicum

---

[33]*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 117, quoting *Stirlen v. Supercuts, Inc., supra,* 51 Cal.App.4th 1519, 1536.

[34]*Kinney v. United HealthCare Services, Inc.* (1999) 70 Cal.App.4th 1322 [83 Cal.Rptr.2d 348].

[35]*Kinney v. United HealthCare Services, Inc., supra,* 70 Cal.App.4th 1322, 1332.

[36]*Mercuro v. Superior Court, supra,* 96 Cal.App.4th 167, 176.

of bilaterality" to avoid substantive unconscionability.[37] "If the arbitration system established by the employer is indeed fair, then the employer as well as the employee should be willing to submit claims to arbitration. Without reasonable justification for this lack of mutuality, arbitration appears less as a forum for neutral dispute resolution and more as a means of maximizing employer advantage. Arbitration was not intended for this purpose."[38]

■ A "modicum of bilaterality" appears in the arbitration agreement at issue here. Nominally, at least, both the employer and plaintiff are bound to submit their claims to arbitration, subject to the same rules and procedures, and the same advantages and disadvantages.

3. *The "Appeal" Provision Is Unfairly One-sided*

The appeal provision is the one exception to our finding of acceptable bilaterality. The arbitration agreement provides that "at either party's request, awards exceeding $50,000.00 shall be subject to reversal, modification, or reduction following review of the record and arguments of the parties by a second arbitrator who shall, as far as practicable, proceed according to the law and procedures applicable to appellate review by the California Court of Appeal of a civil judgment following court trial."

Although this provision applies facially to both parties, plaintiff urges, with some force, that mutuality is largely illusory. Although it is conceivable that an employer might have some claims against an employee which would result in a monetary award, including the possibility of an award of over $50,000, such claims would be rare.

In *Saika v. Gold*,[39] the court refused to enforce an arbitration agreement between a doctor and a patient which purportedly allowed either party to seek trial de novo of any award over $25,000. Although formally bilateral, the court held "the practical effect of the clause is to tilt the playing field in favor of the doctor."[40] As the *Armendariz* court later stated, the objectionable review clause "was tantamount to making arbitration binding when the patient lost the arbitration but not binding if the patient won a significant

---

[37]*Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th 83, 117.
[38]*Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th 83, 118.
[39]*Saika v. Gold* (1996) 49 Cal.App.4th 1074 [56 Cal.Rptr.2d 922].
[40]*Saika v. Gold, supra*, 49 Cal.App.4th 1074, 1076.

money judgment."[41] "In sum, while the trial de novo clause in the present case purports to apply to both parties, it is the same 'heads I win, tails you lose' proposition that the court condemned in *Beynon*."[42]

By parity of reasoning with *Saika*, the "appeal" clause here is unconscionably one-sided. It effectively "renders arbitration an illusory remedy for one party."[43] Public policy favoring arbitration is "manifestly undermined by provisions in arbitration clauses which seek to make the arbitration process itself an offensive weapon in one party's arsenal."[44] Such unconscionable provisions are unenforceable.

### 4. The Appeal Provision May Be Severed from the Remainder of the Arbitration Agreement

The invalidity of the appeal provision does not necessarily render the entire arbitration agreement unenforceable, however. Civil Code section 1670.5, subdivision (a) provides in relevant part: "[i]f the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

As *Armendariz* instructs, "[t]wo reasons for severing or restricting illegal terms rather than voiding the entire contract appear implicit in case law. The first is to prevent parties from gaining undeserved benefit or suffering undeserved detriment as a result of voiding the entire agreement—particularly when there has been full or partial performance of the contract. [Citations.] Second, more generally, the doctrine of severance attempts to conserve a contractual relationship if to do so would not be condoning an illegal scheme. [Citations.]"[45] Both these policies are better served here by severance, rather than invalidation of the entire agreement.

Existing precedent is consistent with severance of such an appeal clause. *Saika* "involved an arbitration agreement with a provision that would make

---

[41]*Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th 83, 116.

[42]*Saika v. Gold*, *supra*, 49 Cal.App.4th 1074, 1080, citing *Beynon v. Garden Grove Medical Group* (1980) 100 Cal.App.3d 698, 706 [161 Cal.Rptr. 146].

[43]*Saika v. Gold*, *supra*, 49 Cal.App.4th 1074, 1082.

[44]*Saika v. Gold*, *supra*, 49 Cal.App.4th 1074, 1081.

[45]*Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th 83, 123-124.

the arbitration nonbinding if the arbitration award were $25,000 or greater. In *Beynon v. Garden Grove Medical Group, supra,* 100 Cal.App.3d 698, 712-713, a provision of the arbitration agreement gave one party, but not the other, the option of rejecting the arbitrator's decision. The courts in both instances concluded, in *Saika* implicitly, in *Beynon* explicitly, that the offending clause was severable from the rest of the arbitration agreement."[46]

We see no reason why the appeal provision should not be severable from the remainder of the arbitration agreement. The balance of the provisions are not unduly one-sided, so as to betray merely a desire to maximize advantage to the employer at the expense of the employee. Both parties are bound to the same rules, procedures, limits, advantages and disadvantages of arbitration generally. The appeal clause affects only a postaward proceeding, not the general conduct of the arbitration itself. The appeal clause is thus severable from the remainder of the arbitration agreement.

## VI.   *Summary of Conclusions*

Plaintiff has asserted an unwaivable statutory rights claim in addition to other claims. Under *Armendariz,* the arbitration agreement is enforceable if it meets the five *Armendariz* criteria. The agreement here, properly interpreted, does meet the stated criteria, including the requirement that an employee cannot be compelled to bear unreasonable costs or to pay arbitrators' fees as a condition of access to the arbitral forum. The court erred, therefore, in denying plaintiff's request that the employer be required to pay the arbitrator's fees.

The purported appeal clause is unconscionable, and thus unenforceable. The appeal provision does not render the entire agreement unenforceable, however; it may be severed from the arbitration agreement, and the remainder of the agreement may be given effect.

## DISPOSITION

The order compelling arbitration is reversed and remanded with directions: the order should be modified to indicate that the employer must pay the costs of arbitration, and that the appeal clause of the arbitration agreement is unenforceable. As so modified, an order compelling arbitration is proper.

---

[46]*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, 127.

In the interests of justice, each party is to bear its own costs on appeal.

Ramirez, P. J., and Hollenhorst, J., concurred.