**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUELINE MCFADDIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>E.A. RENFROE & COMPANY, INC., a Georgia corporation,<br><br>        Defendant-Appellant. | No.   15-55886<br><br>D.C. No.<br>5:14-cv-02369-VAP-SP<br><br><br>MEMORANDUM* |
| JACQUELINE MCFADDIN,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>E.A. RENFROE & COMPANY, INC., a Georgia corporation,<br><br>        Defendant-Appellant. | No.   15-56404<br><br>D.C. No.<br>5:15-cv-01044-VAP-SP |

Appeal from the United States District Court
for the Central District of California

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted August 8, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.


California law governs the determination of whether the parties' arbitration agreement is unconscionable.  Under California law, "the strong preference is to sever *unless* the agreement is permeated by unconscionability."  *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 802 (2012) (internal quotation marks omitted); *see Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1272 (9th Cir. 2017).  We agree with the district court that the choice of forum provision, the prevailing party provision, and the cost provision are unconscionable.  Renfroe stipulated it would not enforce the choice of forum provision, and the prevailing party and cost provisions are severable.  *See Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 727 (2003).  Hence, we vacate its ruling that the entirety of the arbitration agreement is unenforceable.

The district court did not address whether the arbitration agreement's waiver of class action claims is enforceable and applies to McFaddin's California's Private Attorneys General Act claim.  The district court shall address this issue before reconsidering whether the agreement remains enforceable.

2

Appellant's motion for judicial notice (dkt. 55) is denied.

**VACATED and REMANDED.**